

**FILED**

**DEC 19 2012**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| RANDALL EHLERS, ) | CIV. 12-5093 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | |
| CTIY OF RAPID CITY, a municipal ) | |
| corporation, its agents, subsidiaries ) | |
| and employees, SCOTT DIRKES, ) | |
| MATT McCRODEN, JIM HANSEN, ) | |
| ROBERT RYBAK, individually and ) | |
| in their official capacity, JOHN ) | |
| DOE 1-10, ) | |
| ) | |
| Defendants. ) | |

COMES NOW the Plaintiff, by and through his attorney, Michael W. Strain, and for his cause of action, states and alleges as follows:

## JURISDICTION STATEMENT

1.   That the Plaintiff, Randall Ehlers, is a resident of Sturgis, Meade County, South Dakota.

2.   That the Defendant, City of Rapid City, is a municipal corporation organized and existing under the laws of the State of South Dakota and operates the Rapid City Police Department and Rushmore Plaza Civic Center.

3.   That the Defendant, Scott Dirkes, is a police officer with the Rapid City Police Department, and was acting individually, and in a capacity as an agent, servant and employee of the Rapid City Police Department.

4.   That the Defendant, Matt McCroden, is a police officer with the Rapid City Police

Department, and was acting individually, and in a capacity as an agent, servant and employee of the Rapid City Police Department.

5. That the Defendant, Jim Hansen, is a police officer with the Rapid City Police Department, and was acting individually, and in a capacity as an agent, servant and employee of the Rapid City Police Department.

6. That the Defendant, Robert Rybak, is a Trooper with the South Dakota Highway Patrol, and was acting individually and in a capacity as an agent, servant and employee of the State of South Dakota Highway Patrol.

7. That the Defendants, John Doe(s) 1-10, are police officers with the Rapid City Police Department and/or employees of the Rapid City Civic Center and or other private security unknown at this time, and were acting individually, and in a capacity as an agents, servants and employees of the Rapid City Police Department.

8. That the incidents of excessive use of force, unlawful arrest and unlawful prosecution that for the subject matter of this litigation occurred in Pennington County, South Dakota, within the confines of the Western Division of the United States District Court.

9. That the acts and omissions complained of herein occurred in the State of South Dakota, in the County of Pennington, by the Rapid City Police Department, their agents and employees, Scott Dirkes, Matt McCroden, Jim Hansen, South Dakota Highway Patrol Trooper Robert Rybak, and John Doe(s) 1-10.

## GENERAL ALLEGATIONS

10. That on or about December 21, 2010, Mr. Ehlers was enjoying a professional hockey game with his family in Rapid City. During the game, Mr. Ehlers was advised

that his wife and children were involved in a dispute with security. Unbeknownst to Mr. Ehlers, the entire family was outside of the Civic Center arena near the front entrance and driveway. When Mr. Ehlers walked outside, he observed his son Derrik in handcuffs and being escorted to a squad car.

11. Mr. Ehlers calmly approached the officer leading Derrik, on the passenger side of the squad car and inquired of the officer, "What's going on?" Mr. Ehlers was not loud, threatening or boisterous. He did not attempt to interfere in any way with the activities of the police. He simply wanted to know what had transpired or was transpiring with respect to his family. After a brief and non-confrontational visit with the officer, Mr. Ehlers was asked to step away from the car and proceed to the curb, which he complied with.

12. As Mr. Ehlers was walking to curb, complying with the command of Officer John Doe, Officer Scott Dirkes arrived on the scene and quickly exited his vehicle. Officer Dirkes immediately approached Mr. Ehlers in an aggressive manner and stated "Get your hands behind your back" and in less than three seconds Officer Scott Dirkes forcefully grabbed Mr. Ehlers by the arms and thereafter with the assistance of another officer, violently tackled Mr. Ehlers to the ground face-first.

13. Once Mr. Ehlers was on the ground, additional Defendant officers were grabbing at Mr. Ehlers' limbs and placing their knees in his back. Mr. Ehlers had his glasses knocked off and was imploring the officers not to break his glasses. Additionally the Defendant officers and Defendant Trooper Robert Rybak were wrenching Mr. Ehlers' arms behind his back after they had just jammed his shoulder the ground. While Mr. Ehlers was on the ground, already subdued by the officers, another Defendant officer

3

grabbed Mr. Ehlers' right leg in such a manner that the leg was used as leverage to wrench Mr. Ehlers' left knee. Mr. Ehlers previously had surgery on his knee.

14. During the assault, one of the Defendants yelled that "he's resisting!" Another Defendant officer is heard to say "Let him have it!" One of the Defendant officers discharged his Taser into Mr. Ehlers' lower back. The tasing happened while Mr. Ehlers was already subdued by several other Defendants. Ultimately, Mr. Ehlers was handcuffed, placed in the back of a squad car, and taken to the Pennington County Jail. While he was at the jail, he was experiencing pain in his shoulders and left knee and his back was spasming from the Taser.

15. Mr. Ehlers was arrested for disorderly conduct, resisting arrest and interference with a police officer. On March 23, 2011 the State dismissed all criminal charges.

16. In the manner described herein, the Defendants failed to make a reasonable determination as to existence of probable cause necessary to effect the arrest of Mr. Ehlers.

17. The conduct of the Defendants as aforedescribed violated Plaintiff's right to be free of unreasonable and unlawful seizure, secured by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

## COUNT ONE: EXCESSIVE USE OF FORCE

18. Plaintiff re-alleges paragraphs 1-17 as though fully set forth herein.

19. As a direct and proximate result of the aforedescribed unlawful and malicious physical abuse of Plaintiff by Defendants, Scott Dirkes, Jim Hansen, Matt McCroden, Robert Rybak, John Doe 1-10, committed under color of law and under each individual's authority as a Rapid City Police Officer and a South Dakota Highway

4

Patrolman, Plaintiff suffered grievous bodily harm and was deprived of his right to be secure in his person, against unreasonable seizure of his person and the use of excessive force, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States.

20. As a direct and proximate result of the Defendants' actions, Mr. Ehlers suffered serious and permanent personal injuries to his shoulders and left knee, including damage to his left rotator cuff. Mr. Ehlers has not been able to regain full use and movement of his left shoulder. Mr. Ehlers has incurred and will incur medical expenses, has been affected in his ability to work, suffers permanent disability, and has suffered a loss of enjoyment of life.

## COUNT TWO: UNLAWFUL ARREST

21. Plaintiff re-alleges paragraphs 1-20 as though fully set forth herein.

22. Mr. Ehlers was unlawfully arrested for disorderly conduct, resisting arrest, and interfering with a police officer, in that he committed no crime.

23. As a result of the incarceration, Mr. Ehlers was booked, spent time in the Pennington County Jail, suffered the humility and embarrassment of being unlawfully arrested, and suffered emotional damage, all in amount to be determined by a jury.

## COUNT THREE: UNLAWFUL PROSECUTION

24. Plaintiff re-alleges paragraphs 1-23 as though fully set forth herein.

25. The Defendants, the full knowledge of their actions, presented inaccurate and/or false testimony to continue the false prosecution and also unlawful prosecution of the Plaintiff. Despite the actions of the Defendants, the charges were ultimately dismissed in full, by the Pennington County State's Attorney's Office. As a result of the actions of

the Defendants, the Plaintiff was required to obtain counsel defend himself and expend monies in the amount of $1,590.00 as a result of the unlawful prosecution, and public stigma as a result of the malicious and unlawful prosecution instituted by the Defendants, and was damaged by the same all in an amount to be determined by the jury.

## COUNT FOUR: JOINT TORT-FEASORS

26. Plaintiff re-alleges paragraphs 1-25 as though fully set forth herein.

27. That all the Defendants reacted jointly and the Defendants acted jointly and in concert with each other and in such a fashion that they are jointly and severely liable for all injuries suffered by the Plaintiff.

## COUNT FIVE: PUNITIVE DAMAGES

28. Plaintiff re-alleges paragraphs 1-27 as though fully set forth herein.

29. In the manner described above, the Defendants acted with reckless disregard to the Plaintiff's constitutional rights.

30. The Defendants knew or should have known that their actions would or probably would inflict extreme emotional distress upon the Plaintiff.

31. The actions of the Defendants described above were extreme and outrageous.

32. In the manner described herein, the Defendants deprived the Plaintiff of his rights to freedom from unreasonable arrest, search and seizure, warrantless arrest, excessive force, malicious prosecution, and due process of the law. All these rights are secured to the Plaintiff by the provisions of the Fourth, Eighth, and Fourteenth Amendment of the United States Constitution and by 42 U.S.C. § 1983 through 1988.

33. In the manner described herein, the Defendants deprived the Plaintiff of his right

to be free from assault and battery, false imprisonment, abuse of process, malicious prosecution, and intentional infliction of emotion distress. All these rights are secured to the Plaintiff by the provisions of South Dakota law which invoke in the supplemental jurisdiction of this court.

That the actions of all Defendants were so extreme and willfully and wanton, that the Plaintiff is entitled to punitive damages in an amount to be determined by a jury.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following judgment against the Defendants and each of them, jointly and severally, as follows:

(1) Compensatory damages consisting of recouping attorney's fees, pain and suffering, medical expenses, future medical expenses, future and past lost wages, future lost wages, disability, loss of enjoyment of life, all in an amount in excess of $100,000.00, to be determined by a jury;

(2) Punitive damages in an amount that this Court shall consider to be just, reasonable, and fair;

(3) Attorney's fees and costs of this action pursuant to 42 U.S.C. § 1988(b);

(4) For such other relief as the Court shall consider to be fair and equitable.

Dated this ___ day of December, 2012.

MORMAN LAW FIRM

By:_____
Michael W. Strain
Attorney for the Plaintiff
850 Main Street - P.O. Box 729
Sturgis, South Dakota 57785
(605) 347-3624

**TRIAL BY JURY IS HEREBY DEMANDED**